KEITH L. SLENKOVICH, CA BAR NO. 129793
kslenkovich@thelen.com
TOMOMI HARKEY, CA BAR NO. 244886
tharkey@thelen.com
**THELEN REID BROWN RAYSMAN & STEINER LLP**
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113
Telephone: (408) 292–5800
Facsimile: (408) 287–8040

Attorneys for Plaintiff
I-many, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| I-MANY, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MODEL N, INC., a Delaware corporation, <br><br> Defendant. | Case No.: C 07-05149 CW <br><br> **FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE ADVERTISING** <br><br> **DEMAND FOR JURY TRIAL** |

SV #318134 v1

**FIRST AMENDED COMPLAINT**
Case No.: c 07-05149 CW

Plaintiff I-MANY, INC. by their attorneys, for their Complaint for damages and for injunctive relief against Defendant MODEL N, INC., allege as follows:

## PARTIES

1. Plaintiff I-many, Inc. ("I-many") is a Delaware corporation having its principal place of business at 399 Thornall Street, 12th Floor, Edison, NJ 08837.

2. On information and belief, defendant Model N, Inc. ("Model N") is a Delaware corporation having its principal place of business at 1800 Bridge Parkway, Redwood Shores, CA 94065.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, dilution, and unfair competition, arising under the laws of the United States (15 U.S.C. §1114, §1117-8, and §1125) and under the laws of the State of California.

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1116, §1121, and 28 U.S.C. §1338. This Court has supplemental jurisdiction over state claims in this action under 28 U.S.C. §1367(a).

5. This Court has personal jurisdiction over Model N because Model N resides, is domiciled, and/or transacts business in the State of California and within this district and Model N's acts described herein are directed toward the State of California and this district and have caused I-many's injuries alleged herein.

6. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c) because Model N resides in this district, this action arises out of the activities of Model N within this district, and Model N is subject to personal jurisdiction in this district.

**I-MANY'S VALUABLE MARKS**

7. Since 1989, I-many has been in the business of providing software and related services to manage contract and transaction compliance for life sciences companies, among other products, and is currently viewed as a leader in this field.

8. Through its systems, I-many has provided software to over 280 customers worldwide in a wide variety of industries.

9. I-many has been using the name "I-MANY" in commerce since 2000. "I-MANY" is the registered corporate name of I-many, Inc. and the name used in all of I-many's legal documents.

10. I-many has been marketing and selling contract and transaction compliance management systems using the "IMANY" trademark continuously throughout the United States and internationally since at least as early as March 17, 2000.

11. I-many owns Registration No. 2,459,331 on the Principal Register of the United States Patent and Trademark Office for the IMANY trademark for "computer software to create, manage, and monitor performance of complex contract purchasing arrangements to facilitate business-to-business e-commerce." This was filed on December 2, 1999 and registered on June 12, 2001. A true and correct copy of this registration is appended as Exhibit A.

12. I-many also owns Registration No. 2,535,589 on the Principal Register of the United States Patent and Trademark Office for a stylized IMANY trademark for "computer software to create, manage, and monitor performance of complex contract purchasing arrangements to facilitate business-to-business e-commerce." This was filed on February 10, 2000 and registered on February 5, 2002. A true and correct copy of this registration is appended as Exhibit B.

13. I-many has been marketing and selling contract and transaction compliance management systems using the "IMANY" service mark continuously throughout the United States and internationally since at least as early as February 14, 2000.

14. I-many owns Registration No. 2,601,852 on the Principal Register of the United States Patent and Trademark Office for the IMANY service mark for "computer services, namely,

1  computer consulting services for others; custom software design and implementation for others;
2  and providing application service provider services for others featuring software in the field of
3  contract purchasing arrangements to facilitate business-to-business e-commerce by allowing
4  customers to identify and manage specific contract terms and conditions and incentives, rebates,
5  and payment provision available." This was filed on December 2, 1999 and registered on July 30,
6  2002. A true and correct copy of this registration is appended as Exhibit C.

7    15.    I-many also owns Registration No. 2,516,486 on the Principal Register of the
8  United States Patent and Trademark Office for a stylized IMANY service mark for "computer
9  services, namely, computer consulting services for others; custom software design and
10 implementation for others; and providing application service provider services for others featuring
11 software in the field of contract purchasing arrangements to facilitate business-to-business e-
12 commerce by allowing customers to identify and manage specific contract terms and conditions
13 and incentives, rebates, and payment provision available." This was filed on February 10, 2000
14 and registered on December 11, 2001. A true and correct copy of this registration is appended as
15 Exhibit D.

16   16.    The registered "IMANY" trademarks and service marks and the common-law "I-
17 MANY" trademarks and service marks (collectively, the "I-many Marks") are inherently
18 distinctive symbols of I-many's products and services. Through continuous use for over seven
19 years, the I-many Marks have acquired substantial goodwill, have become a valuable asset as a
20 symbol of I-many's products and services, and have become well known throughout the United
21 States and internationally in the trade and among customers of contract and transaction
22 compliance management systems.

23   17.    Over the years, I-many has invested considerable resources in establishing the I-
24 many Marks in the minds of customers as a leader in providing contract and transaction
25 management systems.

26   18.    I-many markets directly to potential customers using the internet and its website at
27 www.imany.com. A significant amount of marketing of I-many's products are conducted over the
28 internet.

19.     By virtue of its prior use and registration of the I-many Marks, I-many is the senior owner of all right, title, and interest in the I-many Marks.

**MODEL N'S UNAUTHORIZED USE OF THE I-MANY MARKS**

20.     On information and belief, since 1999, Model N has been in direct competition with I-many, providing software and related services to manage contract and transaction compliance for life sciences companies, among other products.

21.     On information and belief, Model N used internet advertisement programs, such as sponsored links from search engines, as a method of advertising that would result in links to Model N's website that would incorporate the I-many Marks.

22.     By purchasing keywords in connection with sponsored links for various search engines, Model N was aware of its responsibility to ensure that its advertisements did not infringe the trademark rights of others.  For example, when signing up for Google's Standard Edition AdWords Program, the following words appear in a pop-up when selecting keywords: "Keep in mind that you alone are responsible for the keywords you select and for making sure that your use of the keywords does not violate any applicable laws, including any applicable trademark laws."  On information and belief, Model N was aware of I-many's superior rights to the I-many Marks, but Model N failed to ensure that the sponsored links it purchased did not incorporate the I-many Marks.

23.     On information and belief, Model N purchased certain keywords with knowledge that systems such as the dynamic keyword insertion technique ("DKI") would result in advertisements or sponsored links that would incorporate the I-many Marks.

24.     On information and belief, Model N purchased sponsored links from the **google.com** internet search engine to result in an advertisement incorporating the I-many Marks, with full knowledge of I-many's superior rights to the use of the I-many Marks.  When a user enters the term "I-many" or "Imany" in the Google search engine, the so-called "Sponsored

Link" depicted below appears, or has appeared, as the first search result:

**I-many**                                                                  Sponsored Link
www.ModelN.com       Gain Revenue Lifecycle Visibility Optimize Pricing Processes

This Sponsored Link not only appears prominently when users type in I-many's trademark and service mark, but the text of the link reads "I-many." When a user clicks on the term "I-many" in the Google Sponsored Link, the user is taken directly to Model N's web page advertising Model N's products as shown in Exhibit E hereto. A true and correct copy of a printout of the first page of the Google results for this search is appended as Exhibit F.

      25. On information and belief, Model N purchased sponsored links from the **alexa.com** internet search engine to result in an advertisement incorporating the I-many Marks, with full knowledge of I-many's superior rights to the use of the I-many Marks. When a user enters the term "I-many" or "Imany" in the alexa.com internet search engine, the "Sponsored Link" depicted below appears, or has appeared, as the first search result:

**I-many**                                                                  Sponsored Link
Gain Revenue Lifecycle Visibility Optimize Pricing Processes
www.ModelN.com

This Sponsored Link not only appears prominently when users type in I-many's trademark and service mark, but the text of the link reads "I-many." When a user clicks on the term "I-many" in this Sponsored Link, the user is taken directly to Model N's web page advertising Model N's products. A true and correct copy of a printout of the first page of the alexa.com results for this search is appended as Exhibit G.

      26. On information and belief, Model N purchased sponsored results from the **ask.com** internet search engine to result in an advertisement incorporating the I-many Marks, with full knowledge of I-many's superior rights to the use of the I-many Marks. When a user enters the term "I-many" or "Imany" in the ask.com internet search engine, the "Sponsored Result" depicted below appears, or has appeared, as the first search result:

**I-many**                                                                  Sponsored Results
Gain Revenue Lifecycle Visibility Optimize Pricing Processes
www.ModelN.com

This Sponsored Result not only appears prominently when users type in I-many's trademark and service mark, but the text of the link reads "I-many." When a user clicks on the term "I-many" in this Sponsored Result, the user is taken directly to Model N's web page advertising Model N's products. A true and correct copy of a printout of the first page of the ask.com results for this search is appended as Exhibit H.

27. On information and belief, Model N purchased sponsored results from the **info.com** internet search engine to result in an advertisement incorporating the I-many Marks, with full knowledge of I-many's superior rights to the use of the I-many Marks. When a user enters the term "I-many" or "Imany" in the info.com internet search engine, the "Sponsored Result" depicted below appears, or has appeared, as the first search result in the Sponsored Results listings:

> Sponsored Results
> **I-many**
> Gain Revenue Lifecycle Visibility Optimize Pricing Processes
> http://www.ModelN.com

This Sponsored Result not only appears prominently when users type in I-many's trademark and service mark, but the text of the link reads "I-many." When a user clicks on the term "I-many" in this Sponsored Result, the user is taken directly to Model N's web page advertising Model N's products. A true and correct copy of a printout of the first page of the info.com results for this search is appended as Exhibit I.

28. On information and belief, Model N purchased sponsored links from the **lycos.com** internet search engine to result in an advertisement incorporating the I-many Marks, with full knowledge of I-many's superior rights to the use of the I-many Marks. When a user enters the term "I-many" or "Imany" in the lycos.com internet search engine, the "Sponsored Link" depicted below appears, or has appeared, as the first search result:

> SPONSORED LINKS
>
> **I-many** – www.ModelN.com
> Gain Revenue Lifecycle Visibility Optimize Pricing Processes

This Sponsored Link not only appears prominently when users type in I-many's trademark and servicemark, but the text of the link reads "I-many." When a user clicks on the term "I-many" in this Sponsored Link, the user is taken directly to Model N's web page advertising Model N's

1  products.  A true and correct copy of a printout of the first page of the lycos.com results for this
2  search is appended as Exhibit J.
3      29.    On information and belief, Model N purchased sponsored links from the
4  **mamma.com** internet search engine to result in an advertisement incorporating the I-many Marks,
5  with full knowledge of I-many's superior rights to the use of the I-many Marks.  When a user
6  enters the term "I-many" or "Imany" in the mamma.com internet search engine, the "Sponsored
7  Link" depicted below appears, or has appeared, as the first search result:

   SPONSORED LINKS

   **I-many** - Gain Revenue Lifecycle Visibility Optimize Pricing Processes
   http://www.ModelN.com

This Sponsored Link not only appears prominently when users type in I-many's trademark and service mark, but the text of the link reads "I-many."  When a user clicks on the term "I-many" in this Sponsored Link, the user is taken directly to Model N's web page advertising Model N's products.  A true and correct copy of a printout of the first page of the mamma.com results for this search is appended as Exhibit K.

   30.    On information and belief, Model N purchased sponsored links from the **netscape.com** internet search engine to result in an advertisement incorporating the I-many Marks, with full knowledge of I-many's superior rights to the use of the I-many Marks.  When a user enters the term "I-many" or "Imany" in the netscape.com internet search engine, the "Sponsored Link" depicted below appears, or has appeared, as the first search result:

   **I-many**                                                    Sponsored Links
   Gain Revenue Lifecycle Visibility Optimize Pricing Processes
   www.ModelN.com

This Sponsored Link not only appears prominently when users type in I-many's trademark and service mark, but the text of each such link reads "I-many."  When a user clicks on the term "I-many" in this Sponsored Link, the user is taken directly to Model N's web page advertising Model N's products. A true and correct copy of a printout of the first page of the netscape.com results for this search is appended as Exhibit L.

SV #318134 v1                          -7-
**FIRST AMENDED COMPLAINT**
Case No.: c 07-05149 CW

31. On information and belief, Model N purchased sponsored links from the **search.aol.com** internet search engine to result in an advertisement incorporating the I-many Marks, with full knowledge of I-many's superior rights to the use of the I-many Marks. When a user enters the term "I-many" or "Imany" in the search.aol.com internet search engine, the "Sponsored Link" depicted below appears, or has appeared, as the first search result:

**I-many**                                                                                      Sponsored Links
www.ModelN.com        Gain Revenue Lifecycle Visibility Optimize Pricing Processes

This Sponsored Link not only appears prominently when users type in I-many's trademark and service mark, but the text of each such link reads "I-many." When a user clicks on the term "I-many" in this Sponsored Link, the user is taken directly to Model N's web page advertising Model N's products. A true and correct copy of a printout of the first page of the search.aol.com results for this search is appended as Exhibit M.

32. The advertisements described in paragraphs twenty-four (24) through thirty-one (31) are examples of those discovered by I-many and may not be a complete listing of advertisements purchased by Model N that incorporate the I-many Marks, with Model N's full knowledge of I-many's superior rights to use the I-many Marks.

33. Model N's purchases of advertisements that incorporate the I-many Marks on several unrelated internet search browsers are part of a deliberate and wide-ranging advertising campaign using the I-many Marks, with Model N's full knowledge of I-many's superior rights to use the I-many Marks

34. The intended result of the purchase and use by Model N of the advertisements described in paragraphs twenty-two (22) through thirty-three (33) (collectively, the "Sponsored Links"), and the use of the I-many Mark in the Sponsored Links is to confuse users regarding the sponsorship, authorization and source of the Sponsored Links, the relationship between I-many and Model N, and to divert to Model N's website consumers who wish to find I-many products.

35. The purchase and use by Model N of the I-many Marks in the Sponsored Links is likely to cause confusion or mistake or deception of purchasers as to the source of origin of Model

N's goods advertised on the Model N website through the Sponsored Links, as well as to that relationship between I-many and Model N.

36. Users who reach Model N through the Sponsored Links are likely to believe that Model N is a distributor of I-many products or is otherwise affiliated with I-many.

37. Purchasers may purchase Model N's products or services believing they are I-many's, or originated from I-many, thereby resulting in a loss of sales to I-many.

38. I-many has no control over the quality of the goods sold by Model N, and because of the confusion as to the source engendered by Model N, I-many's valuable goodwill in respect to the I-many Marks are at the mercy of Model N.

39. To the extent Model N has employed the artifice described in paragraphs twenty-two (22) through thirty-three (33) to divert sales from I-many to Model N, I-many has been damaged by such lost sales. Furthermore, I-many has been damaged by the diminution of the value of the I-many Marks through Model N's unauthorized use.

## COUNT ONE –
## INFRINGEMENT OF REGISTERED TRADEMARK AND SERVICE MARK
(15 U.S.C. § 1114)

40. I-many incorporates by reference paragraphs one (1) through thirty-nine (39) herein.

41. Model N's conduct constitutes infringement of I-many's registered trademarks and service marks in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) and is likely to cause confusion, mistake, and deception of the public as to the identity, origin, affiliation, and sponsorship of Model N's goods and services.

42. The infringement by Model N has been willful and deliberate, designed specifically to trade upon the goodwill associated with the I-many Marks.

43. I-many has been damaged by Model N's actions in an amount to be proven at trial.

44. The goodwill of I-many's business under its I-many Marks is of enormous value, and I-many will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

45. Model N's infringement will continue unless enjoined by this Court.

**COUNT TWO –
INFRINGEMENT OF TRADEMARK AND SERVICE MARK THROUGH FALSE
DESIGNATION OF ORIGIN AND FALSE DESCRIPTION AND REPRESENTATION**
(15 U.S.C. §1125(a))

46. I-many incorporates by reference paragraphs one (1) through forty-five (45) herein.

47. Model N's conduct constitutes infringement of I-many's common law trademark and service mark rights in the terms "I-MANY" and "IMANY" through false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

48. Model N's use in commerce of the terms "I-MANY" and "IMANY" in the Sponsored Links is likely to cause confusion as to the origin of goods and services sold by Model N.

49. Model N's acts are calculated to deceive the relevant consuming public into accepting and purchasing Model N's services in the mistaken belief that Model N's good and services are sponsored by, connected with, or supplied under the supervision of I-many.

50. I-many has no control over the quality of the goods sold by Model N, and because of the confusion as to the source engendered by Model N, I-many's valuable goodwill in respect to the I-many Marks are at the mercy of Model N.

51. The false designation of origin and unfair competition by Model N has been willful and deliberate, designed specifically to trade upon the goodwill associated with I-many's trademarks.

52. I-many has been damaged by Model N's actions in an amount to be proven at trial.

53. The goodwill of I-many's business under its I-many Marks is of enormous value, and I-many will suffer irreparable harm should false designation of origin and unfair competition be allowed to continue to the detriment of its trade reputation and goodwill.

54. Model N's false designation of origin and unfair competition will continue unless enjoined by this Court.

## COUNT THREE - TRADEMARK AND SERVICE MARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

55. I-many incorporates by reference paragraphs one (1) through fifty-four (54) herein.

56. By the foregoing acts, Model N is likely to deceive and cause confusion of the relevant consuming public and constitute trademark and service mark infringement under the common law of the State of California.

## COUNT FOUR - UNFAIR COMPETITION UNDER COMMON LAW

57. I-many incorporates by reference paragraphs one (1) through fifty-six (56) herein.

58. The foregoing acts of Model N constitute unfair competition, palming off, unjust enrichment, and misappropriation of I-many's rights under the common law of the State of California in that such acts permit, and will continue to permit, Model N to use and benefit from the goodwill and reputation earned by I-many to obtain a ready customer acceptance for services advertised, offered for sale, and promoted by Model N under the I-many Marks on the basis of a reputation not established in Model N's own right, and to give Model N's products and services an affirmation that they would not otherwise have, all at I-many's expense.

59. Unless enjoined, the continuing advertising, offering for sale and promoting of Model N's products and services by using the I-many Marks will continue to constitute acts of unfair competition, palming off, unjust enrichment, and misappropriation by Model N against I-many, thereby causing I-many irreparable harm.

## COUNT FIVE - UNFAIR COMPETITION UNDER CALIFORNIA LAW
(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

60. I-many incorporates by reference paragraphs one (1) through fifty-nine (59) herein.

61. Model N's acts described above constitute trademark infringement, service mark infringement, and unfair competition, as alleged in counts one through four, and therefore constitute unlawful business practices in violation of California Business and Professions Code §§ 17200 *et seq.*

62. Model N's acts described above also constitute fraudulent business acts and practices in violation of California Business and Professions Code §§ 17200 *et seq.*

63. Model N's internet advertising practice of obtaining sponsored links that contain the I-many Marks is misleading and deceives the relevant consuming public with regard to the nature and origin of Model N's products and services. On information and belief, these advertisements were purchased by a Model N employee with authority to purchase these advertisements. On information and belief, an agent of Model N acted at least in a supervisory capacity with regard to the purchase of internet advertisements such as sponsored links.

64. On information and belief, Model N was aware of the policies and responsibilities that it accepted by purchasing sponsored links, including the responsibility to ensure that Model N's advertisements do not infringe the trademark right of others.

65. On information and belief, Model N purchased certain keywords with knowledge that systems such as the dynamic keyword insertion technique ("DKI") would result in advertisements or sponsored links that would incorporate the I-many Marks.

66. Model N's acts described above were intended to mislead the relevant consuming public with regard to the nature and origin of Model N's products and services.

67. The relevant consuming public would be reasonable in believing that Model N is a distributor of I-many products or is otherwise affiliated with I-many after viewing Model N's sponsored links that incorporated the I-many Marks.

68. Model N's actions described above have cause I-many damage in an amount to be determined at trial.

69. Model N's acts have caused and will continue to cause I-many irreparable harm. I-many has no adequate remedy at law for these acts.

**COUNT SIX -**
**FALSE ADVERTISING**
(Cal. Bus. & Prof. Code § 17500 *et seq.*)

70. I-many incorporates by reference paragraphs one (1) through sixty-nine (69) herein.

71. Model N's acts described above constitute false advertising in violation of California Business and Professions Code § 17500 *et seq.*

72. Through its online advertisements, Model N intended to sell its products and services.

73. The sponsored links which Model N purchased to sell its products and services were misleading. Model N knew, or in the exercise of reasonable care should have known, that the sponsored links which it had purchased were misleading.

74. Model N's actions described above have cause I-many damage in an amount to be determined at trial.

75. Model N's acts have caused and will continue to cause I-many irreparable harm. I-many has no adequate remedy at law for these acts.

WHEREFORE, I-many requests:

1. A preliminary injunction enjoining Model N and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from infringing the I-many Marks and from engaging in false designation of origin and unfair competition with respect to the I-many Marks, and from injuring I-many's reputation during the pendency of this action;

2. A permanent injunction enjoining Model N and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further from infringing the I-many Marks and from engaging in false designation of origin and unfair competition with respect to the I-many Marks, and from injuring I-many's reputation;

3. That Model N be required to account to I-many for Model N's sales leads, revenues, profits, and the actual damages suffered by I-many as a result of Model N's acts of infringement and false designation of origin, together with interest and costs;

4. That Model N be ordered to discontinue its purchase of any advertisements incorporating any trademarks owned by I-many, from any internet search services or other advertising media;

5. Compensatory damages and its costs and interest;

6. Treble damages for Model N's willful infringement;

7. Reasonable attorneys' fees under 15 U.S.C. § 1117; and

8. Such other relief as the Court deems just and proper.

## JURY DEMAND

I-many demands a trial by jury on all issues so triable.

Dated:  November 15, 2007                THELEN REID BROWN RAYSMAN & STEINER


By:_____/s/_____
     Keith L. Slenkovich
     Tomomi Harkey

     Attorneys for plaintiff I-many, Inc.