RODGER R. COLE (CSB NO. 178865)
*rcole@fenwick.com*
SONGMEE CONNOLLY (CSB NO. 228555)
*sconnolly@fenwick.com*
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:   (650) 938-5200

BRIAN W. CARVER (CSB NO. 244878)
*bcarver@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   (415) 875-2300
Facsimile:   (415) 281-1350

Attorneys for Defendant
MODEL N, INC.

KEITH L. SLENKOVICH (CSB NO. 129793)
*kslenkovich@thelen.com*
TOMOMI K. HARKEY (CSB NO. 244886)
*tharkey@thelen.com*
THELEN REID BROWN RAYSMAN &
STEINER LLP
225 W. Santa Clara Street, Suite 1200
San Jose, CA 95113-1723
Telephone:   (408) 292-5800
Facsimile:   (408) 287-8040

Attorneys for Plaintiff
I-MANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| I-MANY, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>MODEL N, INC.,<br><br>              Defendant. | Case No. C 07-05149 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT** |

The parties to the above-entitled action action jointly submit this Joint Case Management Statement and Proposed Order, and Rule 26(f) Report, and request the Court to adopt those portions on which the parties agree as its Case Management Order in this case. To the extent that the parties have not reached agreement, those portions are identified below.

1. **Jurisdiction and Service**: Plaintiff asserts that this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1116, §1121, and 28 U.S.C. §1338 and that this Court has supplemental jurisdiction over state claims in this action under 28 U.S.C. §1367(a). Plaintiff asserts that the Northern District of California is the proper venue under 28 U.S.C. §1391(b) and (c). At this time, Defendant does not dispute subject matter or personal jurisdiction.

2. **Facts and legal bases for claims**:

The parties have not reached agreement on the facts, and submit separate factual contentions.

　　A.　　Plaintiff's Contentions:

This dispute arises from internet advertising purchased by Model N, a competitor of I-many in the business of providing software and related service to manage contract and transaction compliance. Model N purchased keywords from internet advertising programs, such as Google AdWords, that resulted in deceptive search results, directing internet traffic away from I-many's website to Model N's website. Specifically, Model N purchased variations of the term "I-many," which is an I-many trademark. The purchase of these keywords resulted in internet sponsored links reading "I-many" that directed internet users to Model N's website.

Model N was aware that it was responsible for the use of the keywords it selected. For example, prominent warnings appear when purchasing keywords from Google indicating that the purchaser is solely responsible for ensuring that the use of its keywords do not violate applicable laws, including trademark laws. However, Model N allowed these deceptive links to remain online for months, until I-many brought the present suit. I-many is therefore entitled to relief as deemed proper by this Court.

On October 5, 2007, I-Many, filed a complaint against Model N alleging: (1) trademark and service mark infringement under 15 U.S.C. § 1114; (2) federal trademark and service mark

infringement under 15 U.S.C. § 1125(a); (3) common law infringement; (4) common law unfair competition; (5) unfair competition under Cal. Bus. & Prof. Code section 17200 *et seq.*; (6) federal trademark dilution under 15 U.S.C. § 1125(c); and (7) dilution under Cal. Bus. & Prof. Code § 14330. On October 29, 2007, Model N filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Rather than filing an opposition, on November 15, 2007, I-Many filed an amended complaint, dropping its federal and state claims for trademark dilution. Model N answered the amended complaint on December 6, 2007.

B. Defendant's Contentions:

Model N and I-Many are direct competitors in the business of providing software and related services to manage contract and transaction compliance for a niche clientele consisting of large sophisticated business organizations, including large life sciences companies. Their software and related services, generally priced in the hundreds of thousands of dollars, are offered to uniformly track and manage the mass complexities of revenue, pricing, fees, contracts and/or regulatory compliance faced by the enormous volume of transactions handled by such large business entities.

Each sales cycle takes no less than approximately six to eight months, beginning with a request for proposal and followed by several months to prepare a proof of concept detailing the proposed implementation of an individualized and customized software and services solution for that particular customer's organizational needs. Because the proposed solution is extremely expensive and intended to reorganize and change the companies' internal management systems and transactions processing, a purchase can only be completed after lengthy evaluation, negotiation and discussion between the customers and the various respective competing vendors to ensure that the customer's needs are met by the vendor the customer will ultimately choose. Although Model N has a website where customers can find information about the company, its customers and the products and services it offers, it is an inconsequential part of the actual sales process. Customers do not, and cannot, make purchases of Model N's products or services on the Model N website. Similarly, customers do not, and cannot, make purchases of I-Many's products

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER                           3                           CASE NO. C 07-05149 CW

1 or services on the I-Many website.

2 I-Many's Complaint and Google's AdWords Program

3 On October 5, 2007, I-Many, without any prior notice or demand to Model N, filed a complaint against Model N alleging: (1) trademark and service mark infringement under 15 U.S.C. § 1114; (2) federal trademark and service mark infringement under 15 U.S.C. § 1125(a); (3) common law infringement; (4) common law unfair competition; (5) unfair competition under Cal. Bus. & Prof. Code section 17200 *et seq.*; (6) federal trademark dilution under 15 U.S.C. § 1125(c); and (7) dilution under Cal. Bus. & Prof. Code § 14330. On October 29, 2007, Model N filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Rather than filing an opposition, on November 15, 2007, I-Many filed an amended complaint, dropping its federal and state claims for trademark dilution. Model N answered the amended complaint on December 6, 2007.

The entirety of I-Many's amended complaint stems from Model N's use of Google's AdWords Program—a keyword-triggered advertising program which enables advertisers to purchase or bid on certain keywords or phrases. When an internet user enters those keywords or phrases into Google's search engine, the program generates search results with links to websites, as well as separate "Sponsored Links" to various AdWords Program participants' respective websites. These Sponsored Links appear at the margins of the search results pages (usually the top or the right margin), concurrently with the websites returned as search results to the user's keyword search. The AdWords Program does not affect the actual search results delivered by the Google search engine.

Trademark owners may register their marks with Google through a simple process on Google's website so that their marks do not appear in the text of any Sponsored Links. However, Google nevertheless allows for the purchase of trademarks as keywords even if they are marks registered with Google. In this case both Model N **and I-Many** purchased each others' marks as keywords as part of Google's AdWords Program. However, because I-Many's marks were not registered with Google, the "I-Many" text appeared in Model N's Sponsored Link as a result of Google's dynamic keyword insertion (DKI) technique—a method whereby keywords are

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER    4    CASE NO. C 07-05149 CW

automatically inserted by Google Tools into the Sponsored Link as the hyperlinked text; Model N did not itself insert the text "I-Many" into any purported advertisement. Upon learning that the I-Many text had inadvertently appeared in the Sponsored Link as a result of the DKI technique (by way of I-Many's lawsuit), Model N ceased the DKI technique. Thus, although the I-Many marks are still among the keywords Model N has purchased (and Model N marks among the keywords I-Many has purchased), the I-Many text no longer appears in any of Model N's Sponsored Links. Model N has never used any I-Many mark on Model N's website, or on any of Model N's goods or services. Model N has not gained any customers through its use of Google's AdWords program.

    3.    **Legal Issues**: The following legal issues are in dispute:

- Whether Model N's alleged conduct constitutes trade mark or service mark infringement in violation of 15 U.S.C. § 1114 and if so, whether such conduct was willful and deliberate;
- Whether Model N's alleged conduct constitutes trade mark or service mark infringement in violation of 15 U.S.C. § 1125(a) and if so, whether such conduct was willful and deliberate;
- Whether Model N's alleged conduct constitutes trade mark or service mark infringement in violation of California common law;
- Whether Model N's alleged conduct constitutes unfair competition under the common law;
- Whether Model N's alleged conduct constitutes unfair competion under Cal. Bus. & Prof. Code §§ 17200 *et seq*;
- Whether Model N's alleged conduct constitutes false advertising under Cal. Bus. & Prof. Code § 17500 *et seq*;
- Whether I-Many has suffered damages under any of its claims; and
- Whether I-Many is entitled to a preliminary or permanent injunction.

    4.    **Motions**: No motions are presently pending. If the case does not settle by May 12, 2008, the date by which the parties must complete the Court-ordered mediation, the Parties

anticipate that they may file summary judgment motions, and discovery motions if necessary.

5. **Amendment of Pleadings**: The parties do not anticipate that the pleadings will be further amended.

6. **Evidence Preservation**: The parties have suspended any document destruction policies or procedures to the extent any exist, and have represented that they are in compliance with evidence preservation requirements.

7. **Disclosures**: The parties have not yet exchanged Initial Disclosures and propose that such disclosures shall be completed not later than 14 days from the last day to complete private mediation, May 12, 2008. The Parties will discuss language for a stipulated protective order, pursuant to which confidential information can be produced, if necessary.

8. **Discovery**: If the Parties are unable to resolve the dispute by May 12, 2008, the Parties believe formal discovery should commence thereafter and that fact discovery could be completed within 6 months. The Parties anticipate entering into a Stipulated Protective Order Regarding Confidentiality upon commencement of formal discovery.

9. **Class Actions**: This matter is not a class action.

10. **Related Cases**: There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body

11. **Relief**:

Plaintiff seeks a preliminary and permanent injunction, compensatory damages, treble damages, and costs of suit including reasonable attorneys' fees and interest.

Defendant seeks a denial of all relief sought.

12. **Settlement and ADR**: This Court's February 11, 2008 Order directed the parties to private mediation within 90 days of that Order. Thus, May 12, 2008, is the last day for the parties to complete such private mediation. The parties have been in settlement discussions that are expected to result in a settlement of this dispute prior to the May 12, 2008 deadline for completing private mediation. The parties do not expect that any formal discovery or motions will be necessary to negotiate a resolution.

13. **Consent to Magistrate Judge For All Purposes**: Not all the parties have

consented to a Magistrate Judge for all purposes.

14. **Other References**: The case is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: The parties believe that the issues remaining for trial may be narrowed by summary judgment motions.

16. **Expedited Schedule**: The parties do not anticipate that the case can be handled on an expedited basis.

17. **Scheduling**: The Parties anticipate the case will settle by May 12, 2008, the last day by which private mediation must be completed. However, if the case does not settle by that time, the Parties shall promptly meet and confer thereafter to establish and propose a discovery and pre-trial schedule. The Parties respectfully request the Court set a further case management conference after May 12, 2008, seven (7) days prior to which the Parties shall submit a further joint case management conference statement reflecting their proposed schedule.

18. **Trial**: The case will be tried to a jury. The parties expect the trial to last 5-7 court days.

19. **Disclosure of Non-Party Interested Entities or Person**:

Plaintiff filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16 indicating interested entities: Ramius Capital Group LLC, Diker Management LLC, ZF Partners, LP (major shareholders in plaintiff I-many, Inc.).

Defendant filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16 indicating interested entities: Zack Rinat, Accel Partners, and Meritech Capital (major shareholders in defendant Model N).

20. **Additional Matters**: The parties are not aware of any additional matters relating to the disposition of this case that can be brought to the Court's attention at this time.

| | |
|---|---|
| Dated: March 11, 2008 | FENWICK & WEST LLP |
| | By: /s/ *Brian Carver* <br> Brian Carver |
| | Attorneys for Defendant <br> MODEL N, INC. |
| Dated: March 11, 2008 | THELEN REID BROWN RAYSMAN & STEINER LLP |
| | By: /s/ *Tomomi Harkey* <br> Tomomi Harkey |
| | Attorneys for Plaintiff <br> I-MANY, INC. |

Pursuant to General Order No. 45, Section X.B., I hereby attest that I have obtained concurrence of the signatory, Brian Carver, indicated by a "conformed" signature (/s/) within this efiled document.

By: /s/ *Tomomi Harkey*
Tomomi Harkey

## [PROPOSED] ORDER

The foregoing joint statement is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

**IT IS SO ORDERED.**

Dated: March ___, 2008    By: _____
The Honorable Claudia Wilken
United States District Court Judge

25467/00401/LIT/1281798.1